IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

LEWIS RANSBURGH                                                                                       PETITIONER

v.                                                                                              No. 4:15CV79-SA-DAS

MISSISSIPPI PAROLE BOARD, ET AL.                                                         RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Lewis Ransburgh for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Ransburgh has responded to the motion and submitted supplements and amendments to the petition. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

Lewis Ransburgh is currently in the custody of the Mississippi Department of Corrections and is housed the Mississippi State Penitentiary in Parchman, Mississippi. He originally pled guilty to murder in the Circuit Court of Hinds County and was sentenced to a term of life in the custody of the Mississippi Department of Corrections on July 23, 1991. On August 8, 2002, Ransburgh was granted parole. On September 18, 2007, Ransburgh's parole was revoked because "[h]e failed to abstain from the use of drugs." In his current petition for a writ of *habeas corpus*, Ransburgh challenges the revocation of his parole, complaining that the results of urinalysis testing were allegedly affected by a bladder or kidney infection. Ransburgh seeks *in forma pauperis* status in order to allow him to raise this challenge properly in state court. For the reasons set forth below, the State's motion to dismiss should be granted, and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

Mr. Ransburgh has filed many pleadings in various courts, none of which warrant statutory tolling of the one-year limitations period in the Antiterrorism and Effective Death Penalty Act. The State detailed the lengthy procedural history of this case in its motion to dismiss. The court will reproduce only a portion of that history because the majority of it has no bearing on the timeliness of Ransbugh's petition.

(1) **Mississippi Supreme Court Cause No. 2008-M-151**:

    (A)    On January 2, 2008, Ransburgh signed a "Motion to Expedite Petition, Post-Conviction."

    (B)    On February 20, 2008, the Mississippi Supreme Court dismissed Ransburgh's motion as improper under Miss. Code Ann. § 99-39-7.

Note: As this pleading was not properly before the Mississippi Supreme Court, Ransburgh is not entitled to statutory tolling for the pendency of the pleading. *See Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 364, 148 L.Ed.2d 213 (2000).

(2) **U.S. Southern District Court Cause No. 3:08-cv-00514-HTW-LRA:**

    (A)    On July 25, 2008, Ransburgh signed a petition for writ of *habeas corpus*, which was filed in this Court on August 18, 2008. ECF doc. 1 of Cause No. 3:08-cv-00514-HTW-LRA.

    (B)    On October 15, 2008, the State moved to dismiss Ransburgh's petition for failure to exhaust available state court remedies, noting that Ransburgh could still seek post-conviction collateral relief in the trial court, which is the proper forum under Miss. Code Ann. §99-39-1, *et seq*. ECF doc. 9 of Cause No. 3:08-cv-00514-HTW-LRA.

    (C)    On August 7, 2009, the Magistrate Judge recommended that the State's motion to dismiss be granted. ECF doc. 13 of Cause No. 3:08-cv-00514-HTW-LRA. On September 30, 2009, the court granted the State's motion and dismissed Ransburgh's petition. ECF doc. 19 of Cause No. 3:08-cv-00514-HTW-LRA.

Note: Prisoners seeking federal *habeas corpus* relief are entitled to statutory tolling of the limitations period during the pendency of ***state*** court applications for post-conviction collateral relief, but not for the pendency of premature ***federal*** *habeas corpus* relief under 28 U.S.C.A. §2254. *See Duncan v. Walker*, 533 U.S. 167, 173-174, 121 S.Ct. 2120, 2124-2125 (2001).

Mr. Ransburgh filed a great many more pleadings and motions in state and federal court regarding this matter; however, they were all filed *after* the federal *habeas corpus* limitations period expired and thus had no effect on it. The court has listed only the relevant filings.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

In his current petition, Ransburgh challenges the revocation of his parole, which was revoked on September 18, 2007. "An order revoking a suspension of sentence or revoking probation is not appealable." *Griffin v. State,* 382 So.2d 289, 290 (Miss.1980) (quoting *Pipkin v. State,* 292 So.2d 181,

182 (Miss.1974)). As such, Ransburgh's new sentence, after his parole revocation, became final on the day of revocation and sentencing – September 18, 2007. Therefore, Ransburgh's federal petition for a writ of *habeas corpus* was due by September 18, 2008. As noted above, he is not entitled to tolling of the one-year federal *habeas corpus* limitations period under 28 U.S.C. § 2244(d)(2).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on June 8, 2015, and the date it was received and stamped as "filed" in the district court on June 22, 2015. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed over six years after the September 18, 2008, filing deadline. The petitioner does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 8th day of August, 2016.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**